UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
SPARTAN CAPITAL SECURITIES, LLC,                               :
                                                               :  **ORDER GRANTING MOTION**
                                              Plaintiff,       :  **TO DISMISS**
        -against-                                              :
                                                               :  20 Civ. 4210 (AKH)
SPORTS FIELD HOLDINGS, INC., et al.,                           :
                                                               :
                                              Defendants.      :
                                                               :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Defendants Jeromy Olson, Thomas Minichiello, John Tuntland, Tracy Burzycki, Glenn Appel, and Brett Keenan move to dismiss the claims against them for failure to state a claim upon which relief can be granted. ECF No. 27. For the reasons that follow, Defendants' motion to dismiss is granted.

  Plaintiff Spartan Capital Securities, LLC, ("Spartan") is an investment banking firm, and a creditor and shareholder of Defendant Sports Field Holdings, Inc. ("SFHI"). *Id.* at ¶ 67. Defendants Jeromy Olson, Thomas Minichiello, John Tuntland, Tracy Burzycki and Glenn Appel (collectively, "the Directors") are members of SFHI's Board of Directors. *Id.* at ¶¶ 6-10. Defendant Brett Keenan is a consultant hired by SFHI's Board. *Id.* at ¶ 11. Plaintiff alleges that Spartan entered into two investment banking agreements ("IBAs") with SFHI in November 2013 and September 2015. *Id.* at ¶¶ 12-16. Pursuant to the IBAs, Spartan was appointed as SFHI's exclusive investment banker, and was required to conduct a "best efforts private placement" of SFHI common stock. *Id.* at ¶ 13. Spartan completed these Private Placements in 2014 and 2016. *Id.* at ¶¶ 24, 31. The 2015 IBA included various procedures for compensation for Spartan's work in procuring SFHI's financing. *Id.* at ¶ 18-19. Plaintiff claims that SFHI has refused to pay the

1

monthly fees it owes, or to fulfill its other compensation obligations under the 2015 IBA. *Id*. at ¶¶ 31-33.

Spartan alleges that the Directors and Keenan "placed their own personal interests [in retaining their board seats] ahead of those of the shareholders of SFHI,. . .ignored Spartan's efforts [to obtain payment], and eventually took unreasonable and untenable positions regarding SFHI's ability to ignore its contractual obligation." *Id.* at ¶ 66. The Directors allegedly acted in bad faith and "willfully closed [their] eyes" to their contractual obligations. *Id.* at ¶ 102. Plaintiff also claims that the Directors and Keenan acted in concert to "commit wrongful acts in order to prevent Spartan from receiving benefits due to it under the IBA," including refusing to participate in substantive discussions regarding their obligations under the IBA, refusing to consider relevant information, and concocting "untenable positions and explanations as to why SFHI is not required to comply with its contractual obligations." *Id.* at ¶ 108-09.

In order to obtain payment, Spartan filed a demand for arbitration in accordance with the IBA on April 5, 2019. *Id.* at ¶ 69. However, Defendants refused to pay the filing fees necessary for the case to move forward, and the case was closed by the AAA. *Id.* at ¶¶ 70-71. On June 2, 2020, Spartan filed the instant suit against SFHI, the Directors, and Keenan, alleging six causes of action. Plaintiff alleges breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and anticipatory breach against SFHI; breach of fiduciary duty against the Directors; and civil conspiracy against the Directors and Keenan. Compl., ECF No. 1.

On October 20, 2020, the Directors and Keenan filed the instant motion to dismiss the causes of action for breach of fiduciary duty and civil conspiracy against them. Defendants argue that the claim of breach of fiduciary duty is duplicative of breach of contract, that their conduct is protected by the business judgment rule, that Plaintiff lacks standing to bring a

derivative claim, and that Spartan has failed to allege damages arising from the breach. Defendants then argue that Plaintiff's claim for civil conspiracy should be dismissed because there is no civil cause of action for civil conspiracy under New York Law.

I find that Plaintiff's claim for breach of fiduciary duty is duplicative of its claims for breach of contract. Spartan's claims are premised upon the same facts and seek the same damages for the alleged breach of contract. *See Uni-World Capital, L.P. v. Preferred Fragrance, Inc.*, 43 F. Supp. 3d 236, 244 (S.D.N.Y. 2014); *see also Northern Shipping v. Icon Capital Corp.*, 921 F.Supp.2d 94, 105 (SDNY 2013) ("[a] breach of fiduciary duty claim is duplicative when it is based on allegations of fiduciary wrongdoing that are expressly raised in plaintiff's breach of contract claim."). Spartan alleges that it was directly harmed as a shareholder by the Directors' actions in allowing the breach of contract to occur and preventing the breach from being corrected, which goes directly to the breach of contract issue. "Regardless of the source or existence of [Defendant's] duty, the critical issue is that the proposed 'breach of fiduciary duty claim is identical in substance to the breach of contract claim and is therefore duplicative.'" *Uni-World Capital, L.P.,* 43 F. Supp. 3d at 244 (internal citations omitted).

Even if the claim for breach of fiduciary duty was not duplicative, Spartan cannot establish a claim for fiduciary duty as a creditor of SFHI. *Fallon v. Wall St. Clearing Co.*, 182 A.D. 2d 245, 250 (1st Dept 1992) (A debtor-creditor relationship, standing alone, does not create a fiduciary duty of the latter to the former"). Plaintiff also confuses its derivative rights with its individual rights as a shareholder of SFHI, as it does not allege and harm to itself as a shareholder. *See Abrams v. Donati*, 66 N.Y.2d 951, 952 (1985) ("Allegations of mismanagement . . .by officers or directors to their own enrichment, without more, plead a

wrong to the corporation only, for which a shareholder may sue derivatively but not individually.").

Moreover, Defendant's actions are protected by the business judgment rule, which "protects individual Board members from being held liable for decisions that were within the scope of their authority," absent evidence of bad faith or self-interested conduct. *Weinreb v. 37 Apartments Corp*. 97 A.D.3d 54, 57 (1st Dept 2012); *see Auerbach v. Bennett*, 47 N.Y.2d 619, 631 (1979). Spartan's conclusory allegation that the Directors were motivated to retain their seats on the board, is wholly insufficient to constitute self-interested conduct. *See Sciabacucchi v. Burns,* No. 15-CV-7506 (PKC), 2016 WL 4074446, at *6 (S.D.N.Y. July 29, 2016) (quoting *Marx v. Akers*, 88 N.Y.2d 189, 202 (1996)) (a plaintiff must allege that the directors would "receive a direct financial benefit from the transaction which is different from the benefit to shareholders generally"). Plaintiff also attempts to circumvent the business judgment rule by alleging bad faith in ignoring Spartan's attempts to obtain payment but fails to plead any factual basis to support such a claim. *See Stern v. Gen. Elec. Co*., 924 F.2d 472, 476 (2d Cir. 1991); *Ackerman v. 305 East 40th Owners Corp*. 189 A.D.2d 665, 667 (1993). Accordingly, Plaintiff's claim for breach of fiduciary duty against the Directors is dismissed.

As to Plaintiff's claim for civil conspiracy, "it is a long-established doctrine that one does not have a cause of action against another contracting party for conspiracy to breach the agreement between them." *Bereswill v Yablon* 6 NY2d 301, 306 (1959)); *Legion Lighting v Switzer Group, Inc*. 171 A.D.2d 472, 472 (1st Dept 1991) ("civil conspiracy causes of action are not cognizable under New York law"). Plaintiff has not alleged an independent tort which would allow for a civil conspiracy claim to be brought, nor any facts to show an agreement existed between the Defendants or that there was any intentional participation in such a plan. *See Great*

*Lakes Motor Corp. v. Johnson,* 156 A.D.3d 1369, 1371 (2017). Additionally, Plaintiff's conspiracy claim is duplicative of its breach of contract claim. *See Miller v. Vanderlip*, 285 N.Y. 116, 125 (1941) (dismissing conspiracy claim which "amounts to nothing more than the breach of contract,. . . adds nothing by way of legal liability, and only seeks to explain the possible motives of defendants for their failure to perform the agreement").  *See ACR Systems v. Woori Bank,* 232 F.Supp.3d 471, 479 (S.D.N.Y. 2017).  Spartan's civil conspiracy claim is therefore dismissed.

In sum, Defendants' motion to dismiss counts 5 and 6 of the complaint is hereby granted. The individual Defendants are hereby dismissed from the case. The Clerk is instructed to reform the caption accordingly and terminate the open motion, ECF No. 27.  The oral argument, currently scheduled for February 25, 2021, is cancelled.  Plaintiff shall file an amended complaint with the reformed caption, alleging only the remaining counts, by March 19, 2021.

SO ORDERED.

Dated: February 19, 2021
New York, New York

/s/
ALVIN K. HELLERSTEIN
United States District Judge